

# Fourth Court of Appeals
## San Antonio, Texas

April 14, 2021

No. 04-21-00139-CR

Elidoro **MUNGUIA**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR6173
Honorable Raymond Angelini, Judge Presiding

# O R D E R

The trial court imposed sentence in the underlying cause on October 30, 2020. Because appellant did not file a motion for new trial, the notice of appeal was due by November 30, 2020. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due by December 14, 2020. *See id.* R. 26.3. Appellant filed a notice of appeal on April 5, 2021, but appellant did not file a motion for extension of time.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.*

Having reviewed the record, it appears that the notice of appeal was untimely filed, and no motion for extension of time was filed. We therefore **ORDER** appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction **by May 14, 2021**.[1] *See*

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a

*id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of April, 2021.

MICHAEL A. CRUZ, Clerk of Court

---

certification that shows the defendant has a right of appeal has not been made part of the record under these rules." Tex. R. App. P. 25.2(d).